IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

In Re:    Case # 05-81991-BJH-13
MONROW L. TRAMMELL
Dated: 07/31/2006

**DEBTOR'S(S') CHAPTER 13 PLAN AND MOTION FOR VALUATION AND DEBTOR'S OBJECTION TO CLAIMS**

SECTION I
DEBTOR'S(S') CHAPTER 13 PLAN - SPECIFIC PROVISIONS

A. Debtor Payments    $$$*DEBTOR(S) PROPOSES TO PAY TO THE TRUSTEE THE SUM OF $167.00 PER MONTH FOR THE FIRST 2 MONTHS; $416.00 PER MONTH FOR THE NEXT 7 MONTHS; $697.00 PER MONTH FOR THE FINAL 51 MONTHS FOR A TOTAL OF $38,793.00 IN 60 MONTHS.$$$

B. Estimated Notice Fees    $ 20.01
   Clerk's Excess Claim Fee $    .00

C. Attorney Fees    To PERLMAN AND ROBISON, Total $2000.00; $0.00 Pre-Petition; $2000.00 through the Trustee ($1500.00 maximum paid prior to confirmation per General Order 2002-03, balance of attorney fees greater than $1500.00 to be paid after confirmation). Pre-Confirmation payments to Debtor's Attorney will be per the Authorization for Pre-Confirmation Disbursement. Post-Confirmation payments will be made after each specified monthly plan payment to secured creditors ('D' and/or 'E' below) but before any payment to secured creditors ('D' and/or 'E' below) and before any payment to priority creditors ('H' below) or unsecured creditors ('I' and 'J' below).

Note: If pre-confirmation disbursements have been authorized and made, they will be applied to principal as to under-secured claims and allocated between principal and interest and principal as to over-secured claims in which event interest will be limited to the amount by which the claim is over-secured.

D. Home Mortgage

| | Mortgagee | Objection Comment | Arrears Amt | Arr Through | Int Rate | Payment |
|---|---|---|---|---|---|---|
| 0005 1ST | NOVASTAR MORTGAGE | Debtor Objects | $ 20,782.42 | 10/05 | 6.00% | Pro-Rata |

Regular payments beginning 11/05 to be paid direct.

E. Secured Creditors - Paid through the Plan

| | Creditor | Collateral | Obj Comment | Claim | Value | Int Rt | Payment |
|---|---|---|---|---|---|---|---|
| 0013 | CITY OF FARMERS BRANCH | REAL PROPERTY | | $ 353.70 | $ 353.70 | 8.00% | Pro-Rata |
| 0021 | COUNTY OF DALLAS | REAL PROPERTY | | $ 1,677.75 | $ 1,677.75 | 8.00% | Pro-Rata |

F. Secured Creditors (Collateral to be Surrendered) - None

G. Secured Creditors (to be Paid Direct) - None

H. Priority Creditors

| | Creditor | Justification | Objection Comment | Claim | Payment |
|---|---|---|---|---|---|
| 0007 | INTERNAL REVENUE SERVICE | TAXES/OFFSET | | $ 415.45 | Pro-Rata |

I. Special Class - None

J. Unsecured Creditors

| | Creditor | Claim Amt | Comment | | Creditor | Claim Amt | Comment |
|---|---|---|---|---|---|---|---|
| 0001 | CAPITAL ONE BANK | $ 1814.22 | | 0002 | CAPITAL ONE BANK | $ 1671.39 | |
| 0003 | FIRST SAVINGS CREDIT CARD | Not Filed | | 0004 | MERRICK BANK | $ 991.17 | |
| 0006 | ORCHARD BANK | Not Filed | | 0011 | CAPITAL ONE BANK | $ 199.66 | |
| 0012 | CAPITAL ONE BANK | $ 634.69 | | 0023 | INTERNAL REVENUE SERVICE | $ 7656.91 | TAXES |
| 0024 | INTERNAL REVENUE SERVICE | $ 3234.38 | Penalty | | | | |

05-81991-BJH-13
MONROW L. TRAMMELL
Debtor's(s') Final Chapter 13 Plan and Motion for Valuation and Debtor's Objection to Claims, Page 2

ESTIMATED Percentage to General Unsecured Claims including Deficiencies BUT EXCLUDING 'NOT-FILED', 'LATE FILED' AND 'PENALTY': .00%.

K.  Executory Contracts and Unexpired Leases - None

L.  Miscellaneous - None

## SECTION II

### DEBTOR'S(S') CHAPTER 13 PLAN -- GENERAL PROVISIONS

**A.  SUBMISSION OF DISPOSABLE INCOME**
Debtor(s) hereby submits such portion of future earnings or other future income as hereinafter provided to the supervision and control of the Trustee as is necessary for the execution of the Plan as hereinafter provided.
Debtor proposes to PAY TO THE TRUSTEE the sums indicated in Section I, part "A" hereof. If applicable, the following cause exists for payment over a period of more than three (3) years; Debtor's(s') disposable income is insufficient to pay what Debtor(s) believes is a meaningful, or the statutorily required, dividend to creditors.
Payment of any claim against the debtor may be made from the property of the estate or property of the Debtor(s), as herein provided.

**B.  ADMINISTRATIVE EXPENSES & PAYMENT OF TRUSTEE'S STATUTORY FEES AND NOTICING FEES**
The Administrative Expenses of the Trustee shall be paid in full pursuant to 11 U.S.C. Sec 105 (a), 503 (b), 1326 (b) (2) and 28 U.S.C. Sec 586 (e) (1) (b). The Trustee's Fees & Expenses, not to exceed ten percent (10%) allowed pursuant to 28 U.S.C. Sec 586 (e) (B), shall be deducted from each payment. Additionally, the Trustee is authorized to charge and collect Noticing Fees as indicated in Section I, part "B" hereof, pursuant to local rule. No Trustee Fee will be collected on Noticing Fees.

**C.  ATTORNEY FEES**
Debtor's(s') Attorney Fees totaling the amount indicated in Section I Part "C" shall be paid by the Trustee pursuant to this Plan and the Debtor's(s') Authorization for Pre-confirmation Disbursements.

**D.  PRINCIPAL RESIDENCE ARREARAGES (HOME MORTGAGE)**
Arrearages on claims secured only by a security interest in the Debtor's(s') principal residence shall be paid by the Trustee in the amount and at the Annual Percentage Rate of interest indicated on Section I, Part "D" herein. To the extent the claim is over secured, interest will be calculated from the date of the Petition, otherwise from the confirmation date. Regular payments will be paid "Direct" by Debtor(s) beginning on the date shown in Section I, Part "D". Such creditors shall retain their liens.

**E.  SECURED CLAIMS TO BE PAID BY TRUSTEE**
The claims listed in Section I, Part "E" shall be paid by the Trustee as 'SECURED' to the extent of the lesser of the allowed amount of the claim as shown, or the VALUE, as shown, of the collateral which will be retained by the Debtor(s). Any amount claimed in excess of the value of the collateral as shown shall automatically be 'split' and treated as indicated in Section I, Part "H" or "J", per 11 U.S.C. Sec 506 (a). Such creditors shall retain their liens on the collateral described in Section I, Part "E" and shall receive interest at the Annual Percentage Rate indicated from the date of confirmation hereof, or if the claim is fully secured, from the date of the Petition. To the extent a secured claim not provided for is allowed by the Court, Debtor(s) will pay same 'DIRECT' per contract. Each secured claim shall constitute a separate class.

**F.  SATISFACTION OF CLAIM BY SURRENDER OF COLLATERAL**
The claims listed in Section I, Part "F" shall be satisfied as "SECURED' to the extent of the VALUE of the collateral as shown, by SURRENDER of the collateral by the Debtor(s) on or before Confirmation. Any amount claimed in excess of the value of the collateral as shown, to the extent it is allowed, shall be automatically "split" and treated as indicated in Section I, Part "H" or "J" per 11 U.S.C. Sec. 506(a). Each secured claim shall constitute a separate class.

**G.  DIRECT PAYMENTS BY DEBTOR(S)**
All secured claims listed in Section I, Part "G" shall be paid 'DIRECT' by the Debtor(s) in accordance with the terms of their agreement, unless otherwise provided in Section I, Part "L". Each secured claim shall constitute a separate class.

**H.  PRIORITY CLAIMS**
All allowed claims entitled to priority under Section 507(a) of the Bankruptcy Code will be paid in full in deferred installment unless the holder of such claim agrees to a different treatment of such claim. The claims listed in Section I, Part "H" shall be paid by the Trustee, in full, as Priority, without interest at the monthly amount indicated, or pro rata.
Priority claims for taxes are unsecured and shall not accrue interest or penalty subsequent to the date of filing, and such interest or penalty as might otherwise accrue thereafter shall be discharged upon completion of the plan.

**I.  CLASSIFIED UNSECURED CLAIMS**
Classified unsecured claims shall be divided into three classes, and each claim within a particular class shall receive the same treatment as listed in Section I, Part "I".
 (1) Class 1 shall be all claims arising out of consumer debts for which any individual is liable with the Debtor(s) by way of co-signature, guarantee, endorsement, or otherwise. All claims in this class shall be paid in full, including pre-petition interest, along with secured claims as hereinafter specifically scheduled for payment, and if not scheduled for payment, then on a pro-rata basis.
 (2) Class 2 shall include claims which incur criminal sanctions.
 (3) Class 3 shall be all other special class claims as allowed by the Court.

Case 05-81991-bjh13   Doc 40   Filed 08/10/06   Entered 08/10/06 15:58:20   Desc Main
Document   Page 3 of 6

05-81991-BJH-13
MONROW L. TRAMMELL
Debtor's(s') Final Chapter 13 Plan and Motion for Valuation and Debtor's Objection to Claims, Page 3

J. **GENERAL UNSECURED CLAIMS TIMELY FILED**

All other claims not otherwise provided for herein above shall be designated general unsecured claims. Payments, if any, to general unsecured claims will be on a pro rata basis. All allowed general unsecured claims shall be paid in an amount under the Plan which is not less than the amount that would be paid on such claims if the estate of the Debtor(s) were liquidated under Chapter 7 of the Bankruptcy Code on the date of filing of the petition herein.

Any delinquencies under the Plan on allowed secured claims, allowed priority claims and allowed classified unsecured claims must be brought current before any payments are made on general unsecured claims.

General unsecured claims may be paid concurrently with secured, priority and classified unsecured claims so long as each secured, priority and classified unsecured creditor is receiving not less than its monthly installment as provided herein. If no monthly amount is so indicated or if the indicated monthly amount is insufficient to fully pay such allowed secured, priority or classified unsecured claim(s), the Trustee shall pay such allowed secured claim(s) pro rata until paid in full and then the Trustee shall pay such allowed priority claim(s) pro rata until paid in full, and the the Trustee shall pay such allowed classified unsecured claim(s) pro rata until paid in full, prior to any other allowed unsecured claims.

General unsecured claims totaling the amount indicated in Section I, shall be paid by the Trustee, a PRO RATA share of the funds remaining after all other payments provided herein. This share is estimated to be the approximate percentage indicated in section I, Part "J".

K. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

As allowed by Section 1322 (b) (7) of the Bankruptcy Code, the Debtor(s) hereby move to and does hereby reject or assume the executory contracts or unexpired leases with the creditors so indicated in Section I, Part "K".

L. **MISCELLANEOUS**

The provisions set forth in Section I, Part "L" are miscellaneous provisions not otherwise referred to herein.

M. **POST-PETITION CLAIMS**

Claims filed under Section 1305 of the Bankruptcy Code shall be paid as allowed. To the extent necessary, Debtor will modify this plan.

N. **LATE FILED CLAIMS AND CLAIMS NOT FILED**

Late filed claims on pre-petition debt shall be paid pro rata, but only after all other timely filed claims are paid in full. Such payment shall be before any payment on pre-petition non-pecuniary penalties. Late filed claims on priority pre-petition claims shall be paid in full before any payment on late filed general unsecured pre-petition claims.

O. **CLAIMS FOR PRE-PETITION NON-PECUNIARY PENALTIES, FINES, FORFEITURES, MULTIPLE, EXEMPLARY OR PUNITIVE DAMAGES**

Any unsecured claim for non-pecuniary penalty, fines, forfeitures, multiple, exemplary or punitive damages, expressly including IRS penalty to date of petition on unsecured and/or priority claims, shall be paid only a pro rata share of any funds remaining after all other unsecured claims including late filed claims, shall have been paid in full.

P. **CLAIMS FOR POST-PETITION PENALTIES AND INTEREST**

No interest, penalty, or additional charge shall be allowed on any pre-petition claims subsequent to the filing of the petition, unless expressly provided herein.

Q. **NUMBER OF PAYMENTS**

The months allowed for repayment of claims indicated in Section I, Part A shall be determined to be met when the Trustee receives a sum of money equal to the amounts he should have received in the number of months provided for by the Plan, or the Plan as modified.

R. **BUSINESS CASE OPERATING REPORTS**

Upon Confirmation hereof, business debtors are no longer required to file operating reports with the Trustee. However, a final operating report through the date of confirmation is required if operating reports were previously required. Confirmation hereof shall terminate the Trustee's duties to investigate or monitor the debtor's business affairs, assets or liabilities.

S. **TRUSTEE'S LIABILITY FOR DEBTOR'S OPERATION**

The Trustee shall not be liable for any claim arising from the post-confirmation operation of Debtor's business. Any claims against the Trustee arising from the pre-confirmation operation of Debtor's business must be filed with the Bankruptcy Court within sixty (60) days after entry by the Bankruptcy Court of the Order of Confirmation hereof, or be barred.

T. **REVESTING OF PROPERTY IN DEBTOR AND TRUSTEE PAYMENTS UPON CONVERSION OR DISMISSAL**

Except as otherwise provided herein, title to the Debtor's(s') property shall revest to the Debtor(s) upon confirmation of the Plan. Upon conversion or dismissal of the case, the Trustee shall disburse all funds on hand in accordance with this Plan.

U. **ORDER OF PAYMENT**

All claims shown in Section I, Parts "C", "D", "E", "H" and "J" will be paid, after all pre-confirmation principal due has been paid, in the following order, from each disbursement, to the extent allowed:

- 1st -- Specified monthly dollar amounts to car creditors shown in "E" (Secured car per month)
- 2nd -- Specified monthly dollar amounts to other creditors shown in "D" and "E" (Secured -- other per month)
- 3rd -- Debtor attorney fees shown in "C"
- 4th -- Pro-rata among all creditors shown as "pro-rata" in "D" and "E" (Pro rata home mortgage arrearage and other secured pro-rata)
- 5th -- Specified monthly dollar amounts shown in "H" (Priority - per month)
- 6th -- Pro-rata among all creditors shown as "pro-rata" in "H" (Priority- pro-rata)
- 7th -- Specified monthly dollar amounts shown in "I" (Special class per month)
- 8th -- Specified monthly dollar amounts to car creditors shown in "E", then other per month secured creditors shown in "D" and "E", then per month priority creditors shown in "H", then pro rata priority creditors shown in "H", then per month special class creditors shown in "I" until paid in full (the Loop)
- 9th -- Pro-rata among all creditors shown as "pro-rata" in "I" (Special class pro-rata)
- 10th -- Pro-rata among all creditors shown as "pro-rata" in "J" other than "Late Filed" or "Penalty" (General unsecured timely filed pro-rata)

05-81991-BJH-13
MONROW L. TRAMMELL
Debtor's(s')'Final Chapter 13 Plan and Motion for Valuation and Debtor's Objection to Claims, Page 4

11th -- Pro-rata among all claims shown as "Taxes," "Late Filed," and "pro-rata" in "H" (Late filed priority tax claims)
12th -- Pro-rata among all "Late Filed" claims other than "Penalty" om "J" (Late filed general unsecured)
13th -- Pro-rata among all claims shown as "Penalty" in "J" (Penalty claims)

### Section III

### Motion for Valuation

Debtor(s) hereby moves the Court, pursuant to Bankruptcy Rule 3012, to value for purposes of 11 U.S.C. Sec 506 (a) and for purposes of determination, of the amounts to be distributed to holders of secured claims who do not accept the Plan, the collateral described in Section I, Part "E" and Part "F", as the LESSER of the value set forth therein, less the total adequate protection payments made to the respective creditor by the Trustee, or the amount claimed on the proof of claim, less the total adequate protection payments made to the respective creditor by the Trustee. Any objection to such valuation shall be filed at least five (5) business days prior to confirmation, or be deemed waived.

Respectfully submitted,

_____
PERLMAN AND ROBISON

8-10-06

05-81991-BJH-13
MONROW L. TRAMMELL
Debtor's(s') Final Chapter 13 Plan and Motion for Valuation and Debtor's Objection to Claims, Page 5

PERLMAN AND ROBISON
3626 N HALL STE 610
DALLAS TX 75219

Case # 05-81991-BJH-13

In Re:

MONROW L. TRAMMELL
    Debtor(s)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

### Debtor's Objection to Claims

Debtors hereby object to the following claims, for the reason(s) indicated, pursuant to Bankruptcy Rule 3007:

I.

### No Proof of Claim Filed

The following creditors were scheduled by the Debtor(s). No Proof of Claim has been filed by them or on their behalf, as required by Bankruptcy Rule 3002(a). The "bar date" for filing claims pursuant to Bankruptcy Rule 3002(a) has passed. Therefore the claims should be **DISALLOWED**.

| Claim # | Creditor's Name | Scheduled Amount |
|---|---|---|
| 0003 | FIRST SAVINGS CREDIT CARD | $ 440.76 |
| 0006 | ORCHARD BANK | $ 90.48 |

II.

### Specific Objections

Debtor(s) hereby object to the following claims for the reason(s) indicated in Column 6. The claims should be ALLOWED/DISALLOWED as indicated in Column 3 for the amount and class indicated in Columns 4 and 5 respectively.

| 1. Creditor Name | 2. Claim Amt | 3. Allow/Disallow | 4. Amount | 5. Class | 6. Reason(s) (see code below) | 7. Claim |
|---|---|---|---|---|---|---|
| NOVASTAR MORTGAGE | $ 20,782.42 | Allow | $ 24,742.04 | Secured | C-1 | 0005 |

05-81991-BJH-13
MONROW L. TRAMMELL
Debtor's(s') Final Chapter 13 Plan and Motion for Valuation and Debtor's Objection to Claims, Page 6

Code "Reason(s) for Claim Objection

C-1     Adding post petition arrearage per Agreed Order entered January 6, 2006.

Respectfully Submitted,

_____
PERLMAN AND ROBISON

8-10-06